MINNIE TEED, Appellant, v. STATE BOARD OF EQUALIZATION et al., Respondents.

Mac A. Propp and C. E. Williams for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondents.

CRAIL, P. J.—This is an appeal from a judgment against petitioner, in a proceeding for a writ of prohibition, entered after sustaining a demurrer to her petition without leave to amend. The petition alleged that on the 16th day of August, 1935, the petitioner received from the State Board of Equalization the following letter dated July 1, 1935: "This office is in receipt of instructions from Sacramento that pursuant to Section 2, Subdivision (e) of the Retail Sales Tax Act as amended in 1935, the Board will consider ice companies and ice plants retailers and the independent distrib-

utors, individual ice delivery-men operating therefrom, as their agents, and will not hereafter issue individual retailers permits under the provisions of the Retail Sales Tax Act to the individual ice delivery-men and independent distributors who are so operating, but will issue a single permit to the ice companies or ice plants as the case may be, under which the ice companies and plants will report and pay the tax on all the business done by the independent distributors and independent ice delivery-men, as has been the practice which was inaugurated on October 1, 1934''; that petitioner is engaged in the sole business of manufacturing ice and makes no resales in the course of business to purchasers for consumption of ice, but only for the purpose of resale; ''that if the *contemplated* ruling or the enforcement of said ruling is attempted'' any sale of ice to an independent distributor would lay the petitioner liable for the payment of taxes; that the failure to issue permits to the driver under the circumstances would in its effect force the petitioner as a manufacturer to pay a retail tax or go out of business; that the board has exceeded its jurisdiction and acted without its jurisdiction and in violation of the provisions of the California Retail Sales Tax Act of 1933 (chap. 1020, Stats. 1933); that unless restrained said board will require that petitioner take out a permit as a retailer and that he report and pay the tax on all business done by independent distributors purchasing ice from petitioner; and the petition prays that the board be restrained from requiring from petitioner any permit as a retailer.

The petition for prohibition rests solely upon the said letter dated July 1st, but not received until August 16th. It will be observed that the letter does not purport to be an order either directing action or restraining action on appellant's part, but contains information regarding the continuance of a policy which had been in practice for nearly a year according to the letter. The letter does not constitute an order or decision of the board or any other official act of the respondent board, and it makes no direct application to the petitioner. It contains no threat of any kind. A writ of prohibition is exercised only to prevent official action of a judicial nature. (See cases collected in 21 Cal. Jur. 599 et seq.) There is nothing in the letter which would call for

the interposition of a writ of prohibition nor, as suggested by the petitioner, the alternative remedy of a writ of review. Judgment affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.

[Civ. No. 10721. Second Appellate District, Division Two.—February 27, 1936.]

